1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   RICARDO MARTINEZ                    )    Case No.: 1:19-cv-01684-DAD-SAB (PC)
                                         )
12                      Plaintiff,       )
                                         )    ORDER DENYING PLAINTIFF'S SECOND
13          v.                           )    MOTION FOR APPOINTMENT OF COUNSEL,
                                         )    WITHOUT PREJUDICE
14   C. PFEIFFER, et.al.,                )
                                         )    [ECF No. 19]
15                      Defendants.      )
                                         )
16                                       )
                                         )
17   _____     )

18          Plaintiff Ricardo Martinez is appearing *pro se* and *in forma pauperis* in this civil rights action

19   pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's second motion for appointment of counsel, filed

21   January 14, 2020.

22          As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action,

23   Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

24   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the

25   Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances

26   the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113

27   F.3d at 1525.

28   ///

                                              1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the Court does not find extraordinary circumstances to warrant appointment of counsel. For the reasons stated in the January 7, 2020 screening order, Plaintiff has failed to state a cognizable constitutional claim upon which relief may be granted. As a result, the Court is precluded from making a finding that Plaintiff is likely to succeed on the merits. In addition, to date Plaintiff has adequately litigated this action. Accordingly, Plaintiff's second motion for appointment of counsel is be denied without prejudice.

IT IS SO ORDERED.

Dated:   **January 17, 2020**

_____
UNITED STATES MAGISTRATE JUDGE