1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  RICARDO MARTINEZ                    )   Case No.: 1:19-cv-01684-DAD-SAB (PC)
                                        )
12          Plaintiff,                  )
                                        )   **FINDINGS AND RECOMMENDATIONS**
13      v.                              )   **RECOMMENDING ACTION BE DISMISSED**
                                        )   **FOR FAILURE TO STATE A COGNIZABLE**
14  C. PFEIFFER, et.al.,                )   **CLAIM FOR RELIEF, AND DENYING**
                                        )   **PLAINTIFF'S THIRD MOTION FOR**
15          Defendants.                 )   **APPOINTMENT OF COUNSEL AS MOOT**
                                        )
16                                      )   [ECF Nos. 21, 22]
                                        )
17  _____     )

18          Plaintiff Ricardo Martinez is appearing *pro se* and *in forma pauperis* in this civil rights action

19  pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's second amended complaint and third motion for

21  appointment of counsel, filed January 27, 2020.  (ECF Nos. 21, 22.)

22                                      **I.**

23                          **SCREENING REQUIREMENT**

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

28  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

                                        1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

In April 2018, Dr. Zepp stopped the prescription of metformin. Plaintiff suffers from poor blood circulation, foot and leg nerve pain, Type 2 diabetes, chest pain, and sugar level problems.

On January 22, 2019, Dr. Zepp denied and/or ignored numerous CDCR 7362 requests which included a denial of a face to face request for medications and treatment.

Plaintiff suffers from spinal cord tumors and lumbar spine lesions.

On November 14, 2019, Dr. Zepp ordered an inappropriate recommendation to be seen by neurosurgeon Dr. Maholtra and ignored numerous requests for a follow-up with neurosurgeon specialist Dr. Osorio at University of California, San Diego.

///

On November 14, 2019, Dr. Maholtra advised Plaintiff that he could not help him with regard to his rare spinal cord lesions and tumors. Dr. Maholtra advised Plaintiff to seek assistance of a neurological specialist.

On January 30, 2019, at a face to face with physical therapist, Plaintiff requested to be "pulled out" of the improper recommendation by Dr. Zepp.

On September 3, 2019, at a face to face consultation with Dr. Osorio, the inscriptions dated August 29, 2019, November 14, 2019, and July 13, 2015, "of cervical and lumbar spine MRI images were denied."

Plaintiff was given the "run around" and his requests for follow-up with Dr. Osorio were denied.

Plaintiff was denied a rescue asthma xopenez, an evaluation for hearing impairment, an evaluation by a brain specialist, incontinence supplies, an evaluation of intracerebral cells, a follow-up for worsening neurological symptoms with Dr. Osorio, MRI scan of lumbar spine, an evaluation by prison pain committee, pain relief, and an evaluation by a nose specialist.

Plaintiff seeks compensatory and punitive damages.

**III.**

**DISCUSSION**

**A.      Deliberate Indifference to Serious Medical Need**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011,

3

1019 (9th Cir. 2010); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. <u>Jett</u>, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106; <u>see also Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has failed to state a cognizable claim for deliberate indifference. Although Plaintiff contends that he suffers from poor blood circulation, foot and leg nerve pain, Type 2 diabetes, chest pain, and sugar level problems, he does not allege that he suffers from a condition that resulted in the need for medication and other treatment. The mere fact that Dr. Zepp discontinued his prescription for metformin does not give rise to a cognizable claim. Plaintiff does not demonstrate or allege that Dr. Zepp acted with deliberate indifference in discontinuing the medication. Further, the fact that Drs. Maholtra and Zepp did not provide Plaintiff with medication that he may have desired, does not give rise to a constitutional violation. Plaintiff fails to set forth any facts to support his contentions that Defendants acted with deliberate indifference to a serious medical need. Further, Plaintiff's disagreement with doctor's opinions and/or recommendations does not give rise to a claim for relief. Moreover, a difference of opinion among medical professionals likewise does not give rise to a claim for relief. Plaintiff has not alleged plausible facts that treatment the doctors choose or did not choose was medically unacceptable under the circumstances. Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

4

**B.      Motion for Appointment of Counsel**

On the same date that Plaintiff filed the second amended complaint, he filed a third motion requesting the appointment of counsel.  (ECF No. 22.)

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the Court does not find extraordinary circumstances to warrant appointment of counsel.  For the reasons set forth above, the Court finds that Plaintiff fails to state a cognizable constitutional claim upon which relief may be granted despite previous guidance from the Court and further amendment would be futile.  As a result, the Court is precluded from making a finding that Plaintiff is likely to succeed on the merits.  Accordingly, Plaintiff's third motion for appointment of counsel should be denied as moot.

///

///

5

**IV.**

**CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the prior two complaints. Based upon the allegations in Plaintiff's complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The instant action be dismissed for failure to state a cognizable claim for relief; and

2.      Plaintiff's third motion for appointment of counsel be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 5, 2020**                                    _____
                                                                              UNITED STATES MAGISTRATE JUDGE