| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| RICARDO MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>Defendants. | No. 1:19-cv-01684-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 24) |

Plaintiff Ricardo Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 6, 2020, the assigned magistrate judge issued findings and recommendations recommending plaintiff's second amended complaint ("SAC") be dismissed due to its failure to state a claim. (Doc. No. 24.) Specifically, the magistrate judge found that plaintiff does not plausibly allege that any defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*Id.* at 4–6.) The findings and recommendations contained notice that any objections thereto were to be filed within twenty-one (14) days after service. (*Id.* at 6.) On February 24, 2020, plaintiff filed objections. (Doc. No. 25.)

/////

1

1 | In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff does not meaningfully dispute the magistrate judge's finding that the SAC does not allege a plausible Eighth Amendment claim for deliberate indifference to his serious medical needs. (*See* Doc. No. 25.) Instead, plaintiff argues that his inability to state such a claim is the result of his representing himself and not having an understanding of the law. (*Id.* at 1.) Plaintiff therefore reiterates his request for the appointment of counsel. (*Id.*; *see also* Doc. No. 22.) However, the court has twice provided plaintiff with the legal standards applicable to the claims he is attempting to allege in this action. (*See* Doc. Nos. 13, 18.) Despite this guidance, plaintiff's allegations set forth in the SAC fail to state cognizable claims against any defendant. With respect to plaintiff's request for appointment of counsel, "[a] pro se litigant has no right to counsel in a civil action." *Lear v. Akanno*, No. 1:15-cv-01903-DAD-JDP, 2018 WL 3203102, at *2 (E.D. Cal. June 28, 2018) (citing *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)). No circumstances presented by plaintiff support the appointment of *pro bono* counsel here, even if such counsel willing to so serve could be identified.

Accordingly,

1. The findings and recommendations issued on February 6, 2020 (Doc. No. 24) are adopted in full;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim;
3. Plaintiff's motion for appointment of counsel (Doc. No. 22) is denied; and
4. The Clerk of the Court is directed to close this matter.

IT IS SO ORDERED.

Dated: **March 30, 2020**

UNITED STATES DISTRICT JUDGE

2